IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DATACLOUD TECHNOLOGIES, LLC, | |
| Plaintiff, | |
| v. | CASE NO. 1:25-CV-00847-GNA |
| EUROMARKET DESIGNS, INC. d/b/a CRATE & BARREL, | Honorable Georgia N. Alexakis |
| Defendant. | |

**DEFENDANT EUROMARKET DESIGNS, INC. d/b/a CRATE & BARREL'S
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

**TABLE OF CONTENTS**

| | | | |
|---|---|---|---|
| I. | Introduction | | 1 |
| II. | Factual and Procedural Background | | 1 |
| III. | Legal Standard | | 3 |
| IV. | Argument | | 4 |
| | A. | DataCloud Failed to Plead Any Available Remedy | 4 |
| | B. | DataCloud Failed to State a Claim of Infringement for Any Asserted Patent | 6 |
| | | 1. '613 Patent | 6 |
| | | 2. '959 Patent | 9 |
| | | 3. '063 Patent | 10 |
| | C. | DataCloud Failed to State a Claim of Induced Infringement | 12 |
| | D. | Dismissal with Prejudice Is Appropriate | 13 |

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
 797 F.3d 1020 (Fed. Cir. 2015) (*en banc*) ....................................................................6, 7, 11

*AstraZeneca AB v. Apotex Corp.*,
 782 F.3d 1324 (Fed. Cir. 2015)..............................................................................................5

*Aylus Networks, Inc. v. Apple Inc.*,
 856 F.3d 1353 (Fed. Cir. 2017)..............................................................................................2

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007).............................................................................................................3, 4

*Bogie v. Rosenberg*,
 705 F.3d 603 (7th Cir. 2013) ...............................................................................................8, 13

*Bot M8 LLC v. Sony Corp. of Am.*,
 4 F.4th 1342 (Fed. Cir. 2021) ............................................................................................4, 8, 10

*Commil USA, LLC v. Cisco Sys., Inc.*,
 575 U.S. 632 (2015)...............................................................................................................12

*Data Engine Techs. LLC v. Google LLC*,
 906 F.3d 999 (Fed. Cir. 2018)................................................................................................2

*DSU Med. Corp. v. JMS Co.*,
 471 F.3d 1293 (Fed. Cir. 2006)..............................................................................................12

*Emerson v. Dart*,
 109 F.4th 936 (7th Cir. 2024) ................................................................................................3

*Ericsson, Inc. v. D-Link Sys., Inc.*,
 773 F.3d 1201 (Fed. Cir. 2014)..............................................................................................12

*Express Mobile, Inc. v. Liquid Web, LLC*,
 No. 1:18-CV-01177-RGA, 2019 WL 1596999 (D. Del. Apr. 15, 2019)...................................4

*Golden v. Qualcomm Inc.*,
 No. 2023-1818, 2023 WL 6561044 (Fed. Cir. Oct. 10, 2023).................................................7

*Gong v. P'ships & Unincorporated Ass'ns Identified in Schedule A*,
 No. 24 CV 2985, Dkt. 74 (N.D. Ill. Nov. 26, 2024) ................................................................4

*Heidary v. Amazon.com, Inc.*,
   No. 2024-1580, 2024 WL 4489918 (Fed. Cir. Oct. 15, 2024)..................................................6

*Int'l Bus. Machines Corp. v. Booking Holdings Inc.*,
   775 F. App'x 674 (Fed. Cir. 2019) ........................................................................................7

*Jackson v. Intel Corp.*,
   No. 09 C 2178, 2009 WL 2851742 (N.D. Ill. Aug. 31, 2009)..................................................6

*Lans v. Digital Equip. Corp.*,
   252 F.3d 1320 (Fed. Cir. 2001)...............................................................................................5

*Lesorgen v. Mondelez Glob., LLC*,
   674 F. Supp. 3d 459 (N.D. Ill. 2023) ....................................................................................13

*Nowlin v. Pritzker*,
   34 F.4th 629 (7th Cir. 2022) .................................................................................................13

*Ortiz & Assocs. Consulting LLC v. Microsoft Corp.*,
   No. 19-CV-8262, 2021 WL 3033533 (N.D. Ill. July 19, 2021)..............................................11

*Pipp Mobile Storage Sys., Inc. v. Innovative Growers Equip., Inc.*,
   No. 21 C 2104, 2022 WL 157491 (N.D. Ill. Jan. 18, 2022) ....................................................4

*Williams v. Heisner*,
   No. 1:21-CV-00730, 2025 WL 904362 (N.D. Ill. Mar. 25, 2025) .........................................13

**Statutes**

35 U.S.C. § 154(a)(2).....................................................................................................................1

35 U.S.C. § 287(a) .........................................................................................................................5

I.   INTRODUCTION

DataCloud Technologies, LLC's ("DataCloud" or "Plaintiff") First Amended Complaint ("FAC") (Dkt. 26) purports to allege infringement of three data-processing patents that expired *five years ago* after DataCloud acquired them just a few months prior to their expiration for the apparent purpose of driving up litigation costs to extract nuisance settlements.  In its haste, DataCloud's FAC fails to sufficiently plead the basic elements of its claims, including the lack of availability of any requested relief and lack of sufficient factual allegations regarding any infringement (direct or induced) by Defendant Euromarket Designs, Inc. d/b/a Crate & Barrel ("C&B").  Accordingly, the Court should decline to participate in DataCloud's continuing shakedowns and dismiss DataCloud's FAC with prejudice.

II.  FACTUAL AND PROCEDURAL BACKGROUND

U.S. Patent No. 6,560,613 ("the '613 patent") was filed on February 8, 2000, and expired on February 8, 2020.  Ex. 1; 35 U.S.C. § 154(a)(2).  U.S. Patent No. 6,651,063 ("the '063 patent") was filed on January 28, 2000, and expired on January 28, 2020.  Ex. 2.  U.S. Patent No. 7,209,959 ("the '959 patent") was filed on April 4, 2000, and expired on April 4, 2020.  Ex. 3.  A few months before the '613, '063, and '959 patents (the "Asserted Patents") expired, ownership of the three patents changed hands from one non-practicing entity, Intellectual Ventures Assets 151 LLC, to another, DataCloud.  Ex. 7.

DataCloud immediately began filing lawsuits to capitalize on its expired investments.  For example, DataCloud has filed 46 lawsuits asserting patent infringement since June 2020.  Ex. 14. DataCloud has already become renowned for its "broad[], coordinated patent assertion campaign driven by [its parent entity] Brainbox and executed through [DataCloud] and its sister LLCs." *See* Ex. 10, ¶ 53 (Compl., *Altice USA, Inc. v. Commworks Sols., LLC*, No. 1:21-cv-01323, Dkt. 1 (D. Del. filed Sept. 17, 2021)).  DataCloud has also been the defendant of several declaratory judgment

suits, including one accusing it of "violat[ing] the Arizona Patent Troll Prevention Act" based on its "fail[ure] to provide facts relating to the specific areas in which the target's product, service or technology infringes the patent." Ex. 11, ¶ 36 (1st Am. Compl., *Cable One, Inc. v. DataCloud Techs., LLC*, No. 2:22-cv-01813-DWL (D. Ariz. Filed Nov. 1, 2022)) (cleaned up).

On December 22, 2020, Unified Patents, LLC—an international member-based organization "whose purpose is to protect technology sectors . . . by deterring the assertion of invalid or low-quality patents," Ex. 8, ¶ 2—petitioned the PTAB for *inter partes* review of claims 1, 2, 5, 7, 14, and 17 of the '613 patent. Ex. 4. Unified Patents succeeded in proving the '613 patent's invalidity: on July 20, 2021, the PTAB instituted *inter partes* review of each challenged claim, Ex. 5, and on June 30, 2022, the PTAB issued its final written decision finding each challenged claim invalid under 35 U.S.C. §§ 102 and/or 103, Ex. 6.[1]

Years later, on January 24, 2025, DataCloud filed its flawed original Complaint (Dkt. 1) alleging that C&B infringes the Asserted Patents. On February 14, 2025, C&B sent a letter to DataCloud noting numerous deficiencies in the Complaint and requesting that DataCloud withdraw its allegations because they were susceptible to dismissal for failure to state a claim. Dkt. 14-4. On February 20, 2025, DataCloud admitted its Complaint included "a copy-paste mistake" and that its '613 patent rights as originally pleaded were exhausted but would not commit to withdrawing its allegations or amending the Complaint to fix the myriad other deficiencies that C&B pointed out. On February 26, 2025, in violation of Fed. R. Civ. P. 11, DataCloud reiterated

---

[1] While this Motion does not substantively rely on any of these IPR documents, they are part of the prosecution history of the '613 patent and thus amenable to consideration on a motion pursuant to Fed. R. Civ. P. 12. *See, e.g.*, *Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999, 1008 n.2 (Fed. Cir. 2018) (noting "court[s] may consider 'matters of public record'" such as "[p]rosecution histories"); *Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1362 (Fed. Cir. 2017) (noting IPR filings are "official papers filed with the PTO and made available to the public").

that it would not withdraw or amend its Complaint unless C&B first provided an "exhaustive list" of ***all deficiencies*** so that its singular amendment permitted without leave of Court would not be "wasted." On March 11, 2025, DataCloud forced C&B to file its motion to dismiss DataCloud's original Complaint. Dkt. 14. Confident that DataCloud had no viable claim for infringement of a valid patent or for any damages (even assuming validity and infringement), on March 21, 2025, C&B moved to stay discovery pending the resolution of any motion challenging the pleadings. Dkt. 19. On March 31, 2025, DataCloud filed its FAC that attached a conclusory expert declaration intended to obviate C&B's motion to dismiss on Section 101 grounds and force settlement by making it more expensive for C&B to prevail on the merits than to settle. *See* Dkt. 26; Dkt. 26-6. While C&B no longer moves to dismiss under Rule 12(b)(6) on Section 101 grounds, the patents clearly still suffer from fatal Section 101 issues.[2] C&B's motion to stay discovery remains pending before the Court, with briefing expected to be completed by May 13, 2025. *See* Dkt. 29.

### III. LEGAL STANDARD

A claim cannot survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) unless the complaint pleads "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a court must "accept all well-pleaded factual allegations as true . . . , allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion," and "[t]hreadbare recitals of the elements of a cause of action,

---

[2] To be clear, the claims of the Asserted Patents are still invalid under 35 U.S.C. § 101 because they are directed to patent-ineligible subject matter. C&B raised this issue in its motion to dismiss the original Complaint. Dkt. 14, at 4–13. To conserve party and judicial resources, however, C&B no longer moves to dismiss on these grounds, given that DataCloud is sure to argue that a factual dispute now exists based on its conclusory expert declaration in support of validity. Since the case should be dismissed with prejudice for the reasons outlined in this Motion anyway, there is no need to broach this subject. But, to the extent the FAC is not dismissed with prejudice, C&B anticipates yet another round of early motion practice on the question of Section 101 patentability.

supported by mere conclusory statements, do not suffice." *Emerson v. Dart*, 109 F.4th 936, 941 (7th Cir. 2024) (cleaned up). "[A]llegations that are 'merely consistent with' infringement are insufficient," and where "allegations are actually *inconsistent* with and contradict infringement, they are likewise insufficient to state a plausible claim." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1354 (Fed. Cir. 2021) (quoting *Twombly*, 550 U.S. at 557) (emphasis in original).

IV. **ARGUMENT**

A. **DataCloud Failed to Plead Any Available Remedy**

DataCloud's FAC fails to plead any factual allegations regarding its compliance with the marking statute, as would be required to collect any pre-suit damages. Because all three Asserted Patents have already expired, there can be no damages or injunctive relief for any ongoing use from ***2020 onward***. Thus, the FAC's allegations are insufficient to plausibly allege the availability of ***any*** damages, and it thus fails to state a claim for which relief can be granted.

To recover pre-suit damages, 35 U.S.C. § 287(a) requires a patentee to both plead and eventually prove that it and its licensees mark patent-practicing products or that it provided actual notice of infringement in lieu of marking. "[A] claim for past damages requires ***pleading*** compliance with the marking statute . . . ." Ex. 9, at 2 (*Gong v. P'ships & Unincorporated Ass'ns Identified in Schedule A*, No. 24 CV 2985, Dkt. 74 (N.D. Ill. Nov. 26, 2024) (Alexakis, D.J.)) (quoting *Express Mobile, Inc. v. Liquid Web, LLC*, No. 1:18-CV-01177-RGA, 2019 WL 1596999, at *2 (D. Del. Apr. 15, 2019)) (dismissing claims to the extent that they seek "pre-suit damages"); *accord Pipp Mobile Storage Sys., Inc. v. Innovative Growers Equip., Inc.*, No. 21 C 2104, 2022 WL 157491, at *2 (N.D. Ill. Jan. 18, 2022) ("[W]hether [Plaintiff] has sufficiently ***pleaded*** compliance with § 287 is appropriate to address on a Rule 12(b)(6) motion."). Since DataCloud failed to plead compliance with § 287(a), despite being on notice of this pleading defect at least due to C&B's pre-motion letter and C&B's first motion to dismiss, there can be no relief, and its

FAC should be dismissed with prejudice. *See Express Mobile*, 2019 WL 1596999, at *2 ("A claim for past damages requires pleading compliance with the marking statute – ***even when compliance is achieved, factually, by doing nothing at all***."). DataCloud fails this requirement.

Like DataCloud's original Complaint, its FAC alleges that it first provided actual notice to C&B only in February 2021. Dkt. 26, ¶ 17. But a patentee may recover damages "only for infringement occurring *after* such notice." 35 U.S.C. § 287(a) (emphasis added); *accord Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001) ("[B]ecause [Plaintiff] did not inform [Defendant] of infringement before expiration of the '986 patent, § 287(a) prevents [Plaintiff] from collecting damages . . . ."). And it is blackletter patent law that "there can be no infringement once the patent expires." *AstraZeneca AB v. Apotex Corp.*, 782 F.3d 1324, 1343 (Fed. Cir. 2015) (cleaned up).

In addition to DataCloud's failure to comply with § 287(a), DataCloud has indicated that there are multiple entities with licenses to the Asserted Patents, and each of its licensees is also required to comply with § 287(a) for DataCloud to be able to recover pre-suit damages. As an example, DataCloud pleaded that it "has reached licensing / settlement agreements with numerous companies . . . following patent infringement lawsuits related to the monetization of its patent portfolio," followed by a list of its exemplary infringement lawsuits. Dkt. 26-1, at A-1. The listed suits, in addition to numerous others available to the public, alleged infringement of all three Asserted Patents and ended in settlements. *See, e.g.*, Ex. 12, ¶ 1 (Compl., *DataCloud Techs., LLC v. F5 Networks, Inc.*, No. 2:20-cv-00872-DWC, Dkt. 1 (W.D. Wash. filed June 8, 2020)) ('063 and '613 patents) (cited at Dkt 26-1, at A-1); Ex. 13, ¶ 1 (2d Am. Compl., *DataCloud Techs., LLC v. Extreme Networks, Inc.*, No. 1:20-cv-00764-LPS, Dkt. 22 (D. Del. filed Feb. 12, 2021)) (all three Asserted Patents) (cited at Dkt. 26-1, at A-2). DataCloud's FAC, like its original complaint,

5

fails to plead that any of its licensees complied with § 287(a), which is another reason why the FAC should be dismissed in its entirety.

Thus, because DataCloud failed to plead that both it and its licensees have complied with § 287(a), and further failed to plead that it provided C&B actual notice of alleged infringement before any Asserted Patent expired **in 2020**, there can be no relief for any of its asserted claims. Accordingly, the Court should dismiss DataCloud's FAC in its entirety. *See, e.g.*, *Jackson v. Intel Corp.*, No. 09 C 2178, 2009 WL 2851742, at *2–3 (N.D. Ill. Aug. 31, 2009) (holding that complaint that failed to plead compliance with § 287(a) should be dismissed because, "if [Plaintiff] cannot state a claim for damages, he has failed to state a claim").

**B.    DataCloud Failed to State a Claim of Infringement for Any Asserted Patent**

DataCloud's FAC attempts to allege direct infringement of the Asserted Patents by C&B under 35 U.S.C. § 271(a). *See, e.g.*, Dkt. 26, ¶¶ 57–59, 98–99, 141–42. But direct infringement of a method claim requires that "all steps of a claimed method are performed by or attributable to a **single entity**." *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) (*en banc*). And DataCloud's purported "Preliminary Claim Chart[s] Showing Infringement" (Dkts. 26-3, 26-4, 26-5) each fail to make plausible allegations that **C&B** performs **all** steps of **any** claimed method. For this additional reason, DataCloud's FAC should be dismissed with prejudice.[3]

  1.    '613 Patent

DataCloud's FAC Ex. C chart comprises multiple screenshots from disparate sources without citation to anything vaguely affiliated with C&B. *See, e.g.*, Dkt 26-3, at C-9 (pasting

---

[3] Federal Circuit law applies "to the specific question of whether a complaint states a claim of patent infringement on which relief may be granted." *Heidary v. Amazon.com, Inc.*, No. 2024-1580, 2024 WL 4489918, at *3 (Fed. Cir. Oct. 15, 2024) (cleaned up).

6

random screenshots of "Apache 2 operating within Guest" and alleging "Crate & Barrel performed the recited step"). Other pages of Ex. C fail to even allege that C&B performed the step-at-issue in an apparent attempt to muddy the waters regarding the entity actually alleged to have performed each step. *Compare, e.g.*, Dkt. 26-3 at C-1 ("Crate & Barrel uses Akamai for content delivery. *Akamai* operates KVM virtualization hosts"); *id.* at C-4–6 ("Crate & Barrel uses Akamai. *Akamai* utilizes *KVM* (Kernel-based Virtual Machine) virtualization for its internal cloud platform"), *with id.* at C-8 ("Crate & Barrel performed the recited *method*. Source: Virtualization using QEMU and *KVM*."); Dkt. 26, ¶ 16 ("Crate & Barrel's use of *KVM* virtualization hosts").

*First*, DataCloud's failure to plausibly allege that C&B itself performs *all* steps of claim 11 or 12 fails to state a claim of direct infringement as a matter of law. *See Akamai*, 797 F.3d at 1022. *Second*, even if DataCloud had alleged that a single entity performed all claimed method steps, *none* of its cited images within Ex. C show that *any* claimed steps were performed *by C&B*, which is fatal to its direct infringement allegations against C&B. *See, e.g.*, *Golden v. Qualcomm Inc.*, No. 2023-1818, 2023 WL 6561044, at *2 (Fed. Cir. Oct. 10, 2023) (affirming dismissal of complaint with attached "claim charts [that] only reference products made by two non-parties . . . , not products made by . . . the accused infringer"). Akamai is not a named defendant in this case, and its alleged actions are not attributable to C&B, as is required to adequately plead direct infringement. *See, e.g.*, *Int'l Bus. Machines Corp. v. Booking Holdings Inc.*, 775 F. App'x 674, 678 (Fed. Cir. 2019). To make matters worse, all of this is beside the point that multiple claimed steps are not even shown to have been performed by C&B *or* Akamai. *See, e.g.*, Dkt. 26-3 at C-8–15 (showing no evidence or plausible allegation tied to C&B *or* Akamai regarding performance of multiple claimed steps). Simply put, *none* of the screenshots or images included in Ex. C have any plausible relation to actions taken *by C&B*.

*Third*, DataCloud's purported expert opined *in the pleadings* that the '613 patent *requires* "a *specific method* for disambiguating file types, which relies on (i) making copies of the internal operating system pointers; (ii) replacing the internal operating system pointers to system calls stored in the system vector table with pointers to the system call wrapper; (iii) using the system call wrapper to execute the saved copy of the pointer to the system call to make the system call; and (iv) using the system call wrapper to then generate and store (in an indicator table) that an indicator that the file descriptor returned by the system call is associated with a certain type of system call." Dkt. 26-6, ¶ 43.[4] But these steps are found *nowhere* in DataCloud's infringement allegations against C&B. *See generally* Dkt 26-3; *see also Bot M8*, 4 F.4th at 1354; *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013) ("When an exhibit contradicts the allegations in the complaint, ruling against the non-moving party on a motion to dismiss is consistent with our obligation to review all facts in the light most favorable to the non-moving party.").

*Finally*, even assuming *arguendo* that DataCloud adequately pleaded that C&B performed all claimed steps (which it did not), the FAC presents *no* evidence or plausible allegation that *any* claimed step was performed *before the expiration* of the '613 patent. The FAC and its Ex. C fail to make even a conclusory allegation that any step was performed prior to February 8, 2020—the expiration date for the '613 patent. None of the cited evidence purports to be collected on or before that date either. Simply, even if the various other deficiencies in DataCloud's allegations were magically fixed, DataCloud cannot plead around its complete lack of *allegations* that its patented methods were performed while its patent rights still existed.

---

[4] DataCloud explicitly "incorporate[d] by reference in [its] operative complaint the entirety of the Declaration of Walter Overby [Dkt. 26-6]." Dkt. 26, ¶ 18.

8

DataCloud's claim chart allegations are inconsistent with any C&B infringement of the '613 patent and thus fail to meet the plausibility standard of Fed. R. Civ. P. 8.

2. '959 Patent

Just like DataCloud's allegations regarding the '613 patent, its FAC Ex. E similarly comprises multiple screenshot images without citation to any evidence vaguely affiliated with C&B. *See, e.g.*, Dkt. 26-5, at E-13 (pasting random screenshots of alleged "[s]implified network topology" and "[m]essage flow for an abbreviated handshake"). Ex. E also fails to show that C&B itself performed every claimed step of claim 1 of the '959 patent before the '959 patent expired on April 4, 2020. For example, the majority of pages within Ex. E show *no* evidence or plausible allegation that C&B performed the claimed limitation. *See, e.g.*, Dkt. 26-5 at E-5–8, E-10–14, E-16. While Ex. E purports to identify components from the claim language, its identification exists only in "high-level overview[s]" apparently taken from textbooks or reference websites (in other words, *entirely divorced* of any connection to C&B). And Ex. E doesn't even accuse C&B itself of performing any claimed step, instead accusing "Crate & Barrel website infrastructure" of performing certain steps. *See, e.g.*, Dkt. 26-5, at E-4.

Additionally, even if DataCloud did adequately allege that C&B performed certain steps of claim 1 of the '959 patent, it is implausible that C&B somehow controls *all three* of the client, forwarder, and destination server devices within the claimed method, which is likely why DataCloud *failed to even allege* this. *See* Dkt. 26-5 at E-5–6.

Finally, even assuming *arguendo* that DataCloud adequately pleaded that C&B performed all claimed steps (which it did not), there is *no* evidence or plausible allegation that *any* claimed step was performed *before the expiration* of the '959 patent. The FAC and its Ex. E fail to make even a conclusory allegation that any step was performed prior to April 4, 2020—the expiration date for the '959 patent. None of the cited evidence purports to be collected on or before that date

9

either. Simply, even if the various other deficiencies in DataCloud's allegations were magically fixed, DataCloud cannot plead around its complete lack of *allegations* that its patented methods were performed while its patent rights still existed.

DataCloud's claim that C&B infringes any claim of the '959 patent too fails to meet the plausibility standard of Fed. R. Civ. P. 8.

   3.   '063 Patent

The pattern that emerges from reading the FAC and its exhibits, including Ex. D, is that DataCloud "has pleaded itself out of court" because its allegations are inconsistent with any alleged infringement *by C&B*. *Bot M8*, 4 F.4th at 1354. *First*, Ex. D fails to plausibly allege that C&B performed every step of claim 4 of the '063 patent. For example, a step within claim 4 of the '063 patent requires *inter alia* "sending a custom category signal to a processing station uniquely associated with said user data repository." Dkt. 26-4, at D-14. DataCloud argues that "[u]pdating the app is an example of sending a custom category signal as recited" and includes screenshots of the Apple App Store. *Id.* But updating an iOS app requires *user* action; Apple's rules explicitly place the alleged "automatic[] check[ing] for updates and download" of iOS apps in the control of the user via settings in the operating system itself, which require the *user* to either enable automatic app updates or manually download app updates per the user's preference. Thus, C&B cannot be plausibly accused of performing this step. And just like the FAC's other exhibits, Ex. D also fails to include screenshots of any steps performed *by C&B*, going far out of its way to avoid even accidentally discussing the accused C&B app. *See, e.g.*, Dkt. 26-4 at D-8, D-10 (showing screenshots of "*Wireshark* Download of App *equivalent to* Crate & Barrel App"). This is insufficient to plead C&B's direct infringement of the '063 patent.

*Second*, while DataCloud alleges in Ex. D for the first time that any single step of *any* claim of the Asserted Patents was performed prior to the '063 patent's expiration date, this too is

10

insufficient to plausibly allege that C&B performed *every* step prior to the '063 patent's expiration on January 28, 2020, as the law requires to plead direct infringement. *See, e.g.*, *Ortiz & Assocs. Consulting LLC v. Microsoft Corp.*, No. 19-CV-8262, 2021 WL 3033533, at *2 (N.D. Ill. July 19, 2021) ("[T]o state an infringement claim here, Plaintiff must allege that Defendant practices every step of the process described by [the asserted] claim . . . ."). As explained above, Ex. D alleges that "[t]he Crate & Barrel App is configured to automatically check for updates and download [sic]," and further alleges that "[t]he date shown [in its screenshot] is Nov [sic] 13, 2017, which indicates that automatic updates for Crate & Barrel Apps were provided before patent expiration." Dkt. 26-4, at D-15. But even setting aside the fact that this allegation is not possible based on the system architecture of the Apple App Store and iOS devices, the fact that a version of the Crate & Barrel app was published on November 13, 2017, is far from proof that said version was ***automatically downloaded*** or that such an automatic download would have been performed ***by C&B***. And even if this were true (it is not for at least the reasons discussed above), the performance of one step is not equivalent to the performance of *every* step prior to patent expiration. *See Akamai*, 797 F.3d at 1022. Further, it is wholly unclear what DataCloud's allegations are identifying as the accused product here, as this is the first time that multiple "Crate & Barrel *Apps*" are ever mentioned, and said apps are never identified.

*Finally*, DataCloud's infringement theory is at odds with its own expert's opinion regarding the scope of the '063 patent. For example, Overby opines in the pleadings that the alleged inventive concept rendering the claims of the '063 patent not invalid is its "use of this specific composition for the information pack,[5] the automatic management of the information pack when

---

[5] Despite using the phrase "this specific composition for the information pack," Overby fails to identify what "this specific composition" *is*. *See* Dkt. 26-6, ¶ 77. And DataCloud's

11

received by the recipient, the ability to customize the data management system, and the establish [sic] of a reverse communication link between the user data repository and a processing station." Dkt. 26-6, ¶ 77. But the FAC's Ex. D fails to allege where any of those components even exist within C&B's ***pre-2020*** iOS app. Nothing in Ex. D alleges that the user has any ability to customize the "data management system," for example. And DataCloud's infringement theory is so broad and untethered to the actual language of the '063 patent or the other portions of its own pleadings that it would ensnare ***any*** app listed in the Apple App Store. The allegation that the scope of the '063 patent is this broad is inherently implausible and thus likewise fails to meet the requirements of Fed. R. Civ. P. 8.

### C. DataCloud Failed to State a Claim of Induced Infringement

While DataCloud's FAC makes an off-hand reference to "the inducement of third parties" in its "Jurisdiction and Venue" section, Dkt. 26 ¶ 10, it falls short of alleging that C&B induced infringement of any specific patents in its causes of action or in its claim chart exhibits. To state a claim for induced infringement, the plaintiff must plausibly allege that "the defendant knew of the patent," *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015), and "that once the defendants knew of the patent, they 'actively and *knowingly* aided and abetted another's direct infringement,'" *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006) (*en banc* in relevant part) (cleaned up) (emphasis in original). Induced infringement of a method claim requires "the patentee [to] show that the alleged infringer performs, or induces another party to perform, every single step in the method." *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1219 (Fed. Cir. 2014). But the FAC pleads no factual allegations regarding C&B's knowledge of any

---

infringement theory identifies the alleged "information pack" as the "IPA file" for the app—a proprietary data structure created by Apple. *See* Dkt. 26-4, at D-7, D-9–10.

12

Asserted Patent prior to its expiration, *see supra* § IV.A, let alone C&B's knowing aiding or abetting of anyone's direct infringement. The FAC is also silent regarding any direct infringement of ***another***, failing to identify any said "third parties" or any actions taken by said "third parties" that practice ***any*** step of the Asserted Patents, let alone "every single step." Accordingly, to the extent that DataCloud intended to allege induced infringement, its induced infringement claims should likewise be dismissed.

### D. Dismissal with Prejudice Is Appropriate

In the Seventh Circuit, dismissal with prejudice is appropriate where "it is clear that any amendment would be futile." *Williams v. Heisner*, No. 1:21-CV-00730, 2025 WL 904362, at *3 (N.D. Ill. Mar. 25, 2025) (citing *Bogie*, 705 F.3d at 609). DataCloud has now had two chances to plead a plausible claim for relief. *See* Dkt. 1; Dkt. 26. But no amendment can change the facts that all three Asserted Patents expired in 2020, yet DataCloud failed to provide actual notice to C&B pursuant to 35 U.S.C. § 287(a) until at least (according to its allegations) 2021—***after*** expiration. *See supra* § IV.A. Thus, amendment to plead the availability of any damages would be futile. And DataCloud's two attempts to state a claim for direct infringement under 35 U.S.C. § 271(a) further show that any additional amendment would be futile. *See, e.g.*, *Lesorgen v. Mondelez Glob., LLC*, 674 F. Supp. 3d 459, 466 (N.D. Ill. 2023) (dismissing complaint with prejudice because Plaintiff "has already amended her complaint once before" and thus "[f]urther amendments are futile"); *see also Nowlin v. Pritzker*, 34 F.4th 629, 636 (7th Cir. 2022) (affirming "the district court's denial of Plaintiffs' motion to amend their complaint for a second time" as futile). Dismissal with prejudice is the appropriate remedy.

Dated: April 15, 2025                    Respectfully submitted,

                                         /s/ *Joseph A. Loy, P.C.*
                                         Tasha Francis Gerasimov (IL Bar No. 6334781)
                                         tasha.gerasimow@kirkland.com
                                         KIRKLAND & ELLIS LLP
                                         333 West Wolf Point Plaza
                                         Chicago, IL 60654
                                         Telephone: (312) 862-2000

                                         Joseph A. Loy, P.C. (admitted *pro hac vice*)
                                         joseph.loy@kirkland.com
                                         Brandon R. Weber (admitted *pro hac vice*)
                                         brandon.weber@kirkland.com
                                         KIRKLAND & ELLIS LLP
                                         601 Lexington Avenue
                                         New York, NY 10022
                                         Telephone: (212) 446-4800

                                         *Attorneys for Defendant Euromarket Designs, Inc. d/b/a Crate & Barrel*

**CERTIFICATE OF SERVICE**

  I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on April 15, 2025 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                */s/ Joseph A. Loy, P.C.*
                Joseph A. Loy, P.C.