UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois − CM/ECF NextGen 1.8 (rev. 1.8.3)
Eastern Division

DataCloud Technologies, LLC
                         Plaintiff,

v.                                                 Case No.: 1:25−cv−00847
                                                       Honorable Georgia N Alexakis

Euromarket Designs, Inc.
                         Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Friday, May 16, 2025:

      MINUTE entry before the Honorable Georgia N Alexakis: The Court grants defendant's renewed motion to stay discovery [34]. Although the filing of a dispositive motion does not automatically stay discovery, the Court has broad discretion to manage its docket and control case schedules under Rule 26. See Cent. States, Se. & Sw. Areas Pension Fund v. Waste Mgmt. of Michigan, Inc., 674 F.3d 630, 636 (7th Cir. 2012) ("It is well−settled that district courts enjoy broad discretion in controlling discovery."). In determining whether to grant a stay, a court may consider the following factors: (1) whether a stay will unduly prejudice or tactically disadvantage the non−moving party; (2) whether a stay will simplify the issues in question and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and on the court. See, e.g., Sadler as Tr. of Larry R. Sadler Irrevocable Tr. v. Retail Properties of Am., Inc., No. 12 C 5882, 2013 WL 12333447, at *1 (N.D. Ill. Sept. 27, 2013). These three factors militate in favor of a stay under the circumstances presented. Most notably, plaintiff has not identified any specific prejudice or tactical disadvantage it may suffer if a stay is granted, apart from the resulting delay in awaiting resolution of this case, and that prejudice can be discounted. See Medline Industries, Inc. v. C.R. Bard, Inc., No. 17 C 7216, 2019 WL 10948865, at *2 (N.D. Ill. Sept. 10, 2019) (courts can discount "the general prejudice of having to wait for resolution") (cleaned up). The lack of prejudice to plaintiff is underscored by the fact that plaintiff did not file the instant suit until five years after the Asserted Patents expired, a point defendant raises in its motion and which plaintiff does not contest. In addition, a stay is appropriate here because (1) the pending motion to dismiss may resolve or at least streamline the issues in litigation and thus potentially reduce the burden inherent to the discovery process on both the parties and the Court; and (2) there is no indication that relevant documents and information will not be preserved during a stay. For all these reasons, the Court exercises its discretion and grants defendant's motion to stay until resolution of defendant's motion to dismiss. That motion is now fully briefed, and the Court will rule on it as expeditiously as possible via CM/ECF. (ca, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.